## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

JUL 0 1 2024

KEVIN P. WEIMER, Clerk
By: _____ Deputy Clerk

Ioan Sofinet,
Plaintiff,

v.

Truist Bank, Specialized Loan Servicing LLC, Ameris Bank, Rithm Capital Corp., and Newrez LLC dba Shellpoint Mortgage Servicing,

Defendants.

*Amended*

COMPLAINT FOR VIOLATION OF 42 USC 1983, FEDERAL LAWS, AND CONSTITUTIONAL RIGHTS

### Introduction

1. Plaintiff Ioan Sofinet ("Plaintiff") brings this action against Truist Bank, Specialized Loan Servicing LLC ("SLS"), Ameris Bank, Rithm Capital Corp., and Newrez LLC dba Shellpoint Mortgage Servicing ("Defendants") for violations of 42 U.S.C. § 1983, federal laws, and Plaintiff's constitutional rights.

### Jurisdiction and Venue

2. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331, 1343(a)(3), and 1343(a)(4) as this action arises under federal laws and involves the deprivation of Plaintiff's constitutional rights.

3. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in this district and the property that is the subject of the action is situated in this district, specifically in Gwinnett County.

### Parties

4. Plaintiff Ioan Sofinet is a resident of Dacula, Georgia, and is the owner of the property located at 832 Bailey Woods Road, Dacula, GA 30019.

5. Defendant Ameris Bank is a banking institution with its principal place of business in Georgia, which provided the initial loan to the Plaintiff.

6. Defendant Truist Bank is a banking institution with its principal place of business in North Carolina, which acquired the loan from Ameris Bank on December 1, 2022.

7. Defendant Specialized Loan Servicing LLC is a mortgage loan servicer with its principal place of business in Colorado, which acquired the loan from Truist Bank.

8. Defendant Rithm Capital Corp. is the owner of Specialized Loan Servicing LLC, with its principal executive offices located at 799 Broadway, New York, NY.

9. Defendant Newrez LLC dba Shellpoint Mortgage Servicing is a mortgage loan servicer with its principal place of business at 6200 S. Quebec St., Ste 300, Greenwood Village, CO 80111, involved in the unlawful collection of a debt not owed by Plaintiff.

### *Factual Background*

10. On November 11, 2021, Plaintiff purchased the property at 832 Bailey Woods Road, Dacula, GA 30019, as his primary residence and borrowed $236,000.00 from Ameris Bank to build the home from the ground up. The loan was secured by a mortgage on the property.

11. The monthly mortgage payment agreed upon was $1,162.21, which included principal, interest, taxes, and insurance (PITI).

12. On December 1, 2022, Ameris Bank sold the loan to Truist Bank, which informed Plaintiff that they would be the new loan holders and would collect payments effective immediately. No new loan agreement was executed between Plaintiff and Truist Bank.

13. Despite no new agreement being signed between Plaintiff and Truist Bank, Plaintiff continued to make timely monthly payments of $1,162.21 as per the original agreement with Ameris Bank.

14. In February 2023, Truist Bank unilaterally increased the monthly payment to $3,034.44, citing a shortage in the escrow account without providing detailed justification or prior notice required under RESPA.

15. Plaintiff disputed this increase by visiting the local bank and making numerous phone calls, receiving no satisfactory explanation for the increase and/or evidence supporting the escrow shortage, violating RESPA's requirement for accurate and timely disclosure from Truist Bank.

16. After three months of dispute, Truist Bank sold the loan to Specialized Loan Servicing LLC (SLS).

17. SLS provided Plaintiff with a new contract for a trial period of three months with monthly payments of $1,662.27, which Plaintiff paid on time from December 1, 2023, to March 1, 2024.

18. After the trial period, SLS claimed the mortgage account was delinquent and sent Plaintiff numerous letters with varying amounts due, all outside the contract agreement causing confusion and distress.

19. On May 13, 2024, Plaintiff received a certified mail notice from Gwinnett County of foreclosure proceedings scheduled for July 2, 2024.

20. Defendant Newrez LLC dba Shellpoint Mortgage Servicing illegally attempted to collect a debt from Plaintiff that he does not owe, causing further distress and financial harm to Plaintiff.

21. Each Defendant individually closed the accounts they held in Plaintiff's name, reporting them as "paid as agreed."

## *Claims for Relief*

### Count I: Violation of 42 U.S.C. § 1983 - Deprivation of Constitutional Rights

22. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

23. Defendants, acting under color of state law, deprived Plaintiff of his rights under the Fifth and Fourteenth Amendments of the United States Constitution, including the rights to due process and equal protection.

24. Truist Bank's unilateral alteration of the loan terms without due process, including proper notice and the opportunity to contest the changes, constitutes a deprivation of Plaintiff's property without due process of law, in violation of the Fifth and Fourteenth Amendments.

25. Defendants' arbitrary and unjustified actions in altering loan terms and initiating foreclosure proceedings without adequate justification deprived Plaintiff of equal protection under the law.

26. In the case of Goldberg v. Kelly, 397 U.S. 254 (1970), the Supreme Court held that due process requires an opportunity to be heard at a meaningful time and in a meaningful manner. Defendants' actions denied Plaintiff this opportunity.

### *Count II: Violation of Real Estate Settlement Procedures Act (RESPA), 12 U.S.C. § 2601 et seq.*

27. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

28. Truist Bank violated RESPA by failing to provide accurate and timely information regarding the escrow account and the reasons for the increase in monthly payments.

29. Truist Bank further violated RESPA by failing to respond adequately to Plaintiff's qualified written requests and disputes concerning the loan servicing. According to 12 U.S.C. § 2605(e), servicers must acknowledge receipt of written inquiries from borrowers and provide a substantive response within specified timeframes.

30. SLS also violated RESPA by failing to honor the terms of the trial period agreement and by sending conflicting and confusing statements regarding amounts owed, further complicating Plaintiff's ability to manage his loan.

### Count III: Violation of Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 et seq.

31. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

32. Defendants SLS, Truist Bank, and Newrez LLC dba Shellpoint Mortgage Servicing engaged in abusive, deceptive, and unfair practices in violation of the FDCPA by providing conflicting information regarding the amounts owed and initiating foreclosure proceedings without proper justification or explanation.

33. Defendants violated 15 U.S.C. §§ 1692e and 1692f by misrepresenting the amount, character, and legal status of the debt and by employing unfair practices to collect the debt.

34. In Heintz v. Jenkins, 514 U.S. 291 (1995), the Supreme Court held that attorneys who regularly engage in consumer-debt-collection activity, even when that activity consists of litigation, are covered by the FDCPA. Similarly, SLS, Truist Bank, and Newrez LLC dba Shellpoint Mortgage Servicing, by engaging in unfair debt collection practices, fall under the purview of the FDCPA.

### Count IV: Breach of Contract

35. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

36. Defendants breached the contractual agreement by unilaterally increasing the monthly payment amount without basis and failing to honor the terms agreed upon during the trial period with SLS.

37. The actions of Truist Bank, SLS, and Newrez LLC dba Shellpoint Mortgage Servicing directly contradict the agreed-upon terms, causing financial harm and distress to Plaintiff.

38. Under Georgia law, specifically O.C.G.A. § 13-6-1, a breach of contract occurs when one party fails to perform the terms agreed upon in a contract without a legitimate legal excuse.

### Count V: Violation of Georgia Fair Business Practices Act (FBPA), O.C.G.A. § 10-1-390 et seq.

39. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

40. Defendants engaged in unfair and deceptive business practices in violation of the Georgia Fair Business Practices Act by misrepresenting loan terms, failing to provide accurate account information, and initiating foreclosure without proper grounds.

41. Under the FBPA, consumers are protected from unfair and deceptive acts or practices in the conduct of consumer transactions. Defendants' actions in altering loan terms and providing misleading information constitute violations of this statute.

### Count VI: Unjust Enrichment

42. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

43. Defendants have been unjustly enriched at the expense of Plaintiff by collecting or attempting to collect amounts
not owed under the original loan agreement.

44. As a direct result of Defendants' actions, Plaintiff suffered financial harm and distress, and Defendants received payments not rightfully due to them.

### Count VII: Deceptive Practices and Fraud

45. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

46. Defendants engaged in deceptive practices by intentionally misleading Plaintiff regarding the terms of his loan and the amounts owed.

47. Defendants' actions constitute fraud as they knowingly made false representations to Plaintiff with the intent to deceive and induce Plaintiff to make payments based on incorrect information.

48. As a result of Defendants' fraudulent actions, Plaintiff has suffered financial loss, distress, and harm to his creditworthiness.

## *Prayer for Relief*

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

a. A declaration that Defendants' actions violated Plaintiff's constitutional rights and federal laws;

b. An order enjoining Defendants from proceeding with the foreclosure on Plaintiff's property;

c. Compensatory damages in an amount to be determined at trial;

d. Statutory damages pursuant to RESPA and the FDCPA;

e. Punitive damages for Defendants' willful and malicious conduct;

f. An award of attorneys' fees and costs incurred in bringing this action;

g. Monetary damages in the amount of $10,000,000 in real currency;

h. Such other and further relief as this Court deems just and proper.

## Jury Demand

Plaintiff hereby demands a trial by jury on all issues so triable.

Respectfully submitted,

/s/ Ioan Sofinet
832 Bailey Woods Road,
Dacula, GA 30019

## *Verification*

The undersigned, being duly sworn, deposes and says that the foregoing statements are true and correct to the best of his/her knowledge, information, and belief.

Sworn and subscribed before me
this ___1st___ day of ___July___, 2024.

_____
Notary Public
My Commission Expires: ___9/28/27___

Geneva F Vaughn
NOTARY PUBLIC
Gwinnett County, GEORGIA
My Commission Expires
09/28/2027