# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF GEORGIA ATLANTA DIVISON

IOAN SOFINET,

Plaintiff,

v.

TRUIST BANK, AMERIS BANK, AND NEWREZ LLC D/B/A SHELLPOINT MORTGAGE SERVICING F/K/A SPECIALIZED LOAN SERVICING LLC, Defendants.

CIVIL ACTION FILE
NO. 1:24-CV-02450-MLB-JEM

FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

JAN 17 2025

KEVIN P. WEIMER, Clerk
By: _____ Deputy Clerk

## AMENDED COMPLAINT IN RESPONSE TO DECEMBER 5TH ORDER

**COMES NOW, Plaintiff IOAN SOFINET,** and respectfully submits this **Amended Complaint** pursuant to the Court's Order dated December 5, 2024, and Federal Rule of Civil Procedure 15(a). Plaintiff asserts this filing in compliance with the Court's directive to complete service of process within 60 days and incorporates new claims arising from statutory violations and recent case law developments regarding Plaintiff's rights to full accounting, set-off, recoupment, and standing.

**PRELIMINARY STATEMENT**

This action arises from Defendants' violations of Plaintiff's rights under federal and state laws, including:

1. **The Truth in Lending Act (TILA) (15 U.S.C. § 1601 et seq.);**
2. **The Real Estate Settlement Procedures Act (RESPA) (12 U.S.C. § 2605);**
3. **The Fair Debt Collection Practices Act (FDCPA) (15 U.S.C. § 1692 et seq.);**
4. **The Georgia Uniform Commercial Code (O.C.G.A. § 11-9-210); and**
5. **Other applicable state laws governing the obligations of holders and debtors.**

Plaintiff alleges that Defendants' actions—including securitization, collateralization, and pooling of the mortgage note—have impaired the original terms of the agreement, depriving Plaintiff of transparency and the ability to challenge improper transfers. Plaintiff seeks equitable relief, damages, and an order compelling Defendants to provide a full accounting and establish proper standing to enforce the note.

## JURISDICTION AND VENUE

1. **Jurisdiction:**
   - This Court has jurisdiction under **28 U.S.C. § 1331** for claims arising under federal laws, including TILA, RESPA, and FDCPA.
   - Supplemental jurisdiction is appropriate under **28 U.S.C. § 1367(a)** for state law claims.
2. **Venue:**

- Venue is proper under **28 U.S.C. § 1391(b)** because the events giving rise to this action occurred in the Northern District of Georgia, and Defendants conduct substantial business in this district.

## PARTIES

1. **Plaintiff:** IOAN SOFINET, a natural person domiciled in Georgia and the original grantor of the mortgage note at issue.
2. **Defendants:**
   - **Truist Bank**, a financial institution organized under federal law;
   - **Newrez LLC d/b/a Shellpoint Mortgage Servicing f/k/a Specialized Loan Servicing LLC,** a Delaware limited liability company;
   - **Ameris Bank**, the original mortgage lender and initiator of the loan.

## STATEMENT OF FACTS

1. On or about **11/30/2021**, Plaintiff executed a mortgage note with **Ameris Bank** for the property located at **832 Bailey Woods Rd. Dacula GA. 30019**.
2. Plaintiff asserts that the note has been improperly sold, assigned, or securitized into financial instruments, impairing its original terms and conditions.

3. Defendants have failed to provide a full accounting of the note, chain of title, or reconciliation of payments, as required by federal and Georgia law.

4. Plaintiff's demands for a full accounting, pursuant to **O.C.G.A. § 11-9-210**, have been ignored or inadequately addressed.

5. Plaintiff believes that:

    o The mortgage note has been marred, impaired, or satisfied through securitization and improper assignments;

    o Defendants lack standing to enforce the note due to violations of the separation of debt and security, as held in **Carpenter v. Longan, 83 U.S. 271 (1872)**;

    o Plaintiff retains a security interest in the matter as the original grantor and initiator, under **15 U.S.C. § 1602(k)** and **UCC Article 9**.

6. Recent case law supports Plaintiff's claims, including:

    o **Yvanova v. New Century Mortgage Corp., 62 Cal. 4th 919 (2016)**: Borrowers have standing to challenge assignments that affect their rights and obligations.

    o **Jesinoski v. Countrywide Home Loans, Inc., 574 U.S. 259 (2015)**: Borrowers can exercise rescission under TILA without proving actual damages.

    o **Glaski v. Bank of America, 218 Cal. App. 4th 1079 (2013)**: Assignments violating pooling and servicing agreements are void.

- **PennyMac Loan Servs., LLC v. Moore, 855 S.E.2d 602 (Ga. Ct. App. 2021)**: Georgia courts require clear proof of chain of title and ownership for a party to have standing to enforce a mortgage note.
- **You v. JP Morgan Chase Bank, 293 Ga. 67 (2013)**: Georgia courts acknowledge the necessity of demonstrating a valid assignment and chain of title.
- **Haynes v. McCalla Raymer, LLC, 793 F.3d 1246 (11th Cir. 2015)**: Federal courts recognize a borrower's right to challenge improper foreclosure proceedings based on failure to comply with Georgia foreclosure statutes.

## LEGAL CLAIMS

### Count I: Violation of Truth in Lending Act (15 U.S.C. § 1641)

1. Defendants failed to notify Plaintiff of the assignment, transfer, or sale of the mortgage note within 30 days, as required by **15 U.S.C. § 1641(g)**.
2. This omission deprived Plaintiff of the opportunity to challenge the validity of the transfer or seek clarification of the debt terms.

### Count II: Violation of Georgia Uniform Commercial Code (O.C.G.A. § 11-9-210)

1. Defendants failed to provide a full accounting of the mortgage note, including:
   - Chain of title;

- Payments credited to the note;
- Any pooling or servicing agreements.

2. This failure constitutes a breach of Plaintiff's rights under Georgia law.

## Count III: Declaratory Judgment (28 U.S.C. § 2201)

1. Plaintiff seeks a declaratory judgment affirming that:
   - The note has been satisfied, impaired, or improperly assigned;
   - Defendants lack standing to enforce the note due to improper assignments and transfers.

## Count IV: Violation of Real Estate Settlement Procedures Act (12 U.S.C. § 2605)

1. Defendants violated **12 U.S.C. § 2605(e)** by failing to respond adequately to Plaintiff's Qualified Written Requests (QWRs) for information regarding loan servicing and assignments.

## Count V: Violation of Fair Debt Collection Practices Act (15 U.S.C. § 1692e)

1. Defendants engaged in deceptive practices by attempting to collect amounts not owed under the impaired or satisfied note, in violation of **15 U.S.C. § 1692e**.

## RELIEF REQUESTED

WHEREFORE, Plaintiff respectfully requests that this Court:

1. Accept this **Amended Complaint nunc pro tunc** to comply with the Court's December 5th order;
2. Grant declaratory relief affirming Plaintiff's rights under **15 U.S.C. § 1602(k)** and related statutes;
3. Order Defendants to provide a full accounting under **O.C.G.A. § 11-9-210** and federal law;
4. Enjoin Defendants from enforcing the note without proof of standing and compliance with federal and state laws;
5. Award Plaintiff compensatory and punitive damages under **O.C.G.A. § 13-6-11, 15 U.S.C. § 1640(a)**, and other applicable statutes;
6. Grant Plaintiff such other relief as the Court deems just and proper.

## SERVICE OF PROCESS

Plaintiff confirms that service of process will be completed on all Defendants as follows:

- **Truist Bank: <u>2 Sun Court, Suite 400. Peachtree Corners, GA. 30092</u>**
- **NewRez LLC d/b/a Shellpoint Mortgage Servicing f/k/a Specialized Loan Servicing LLC: <u>1819 Fifth Avenue North, Birmingham, Alabama. 35203.</u>**
- **Ameris Bank: <u>3424 Peachtree Rd. NE #1600, Atlanta, GA. 30326, USA</u>**

## AFFIRMATION UNDER OATH

I, IOAN SOFINET, declare under penalty of perjury under the laws of the United States and the State of Georgia that the foregoing is true and correct to the best of my knowledge, information, and belief. This Amended Complaint is submitted in good faith and in compliance with all applicable laws and rules.

Executed this __17_ day of ____January_____, 2025.

**Respectfully submitted,**

**IOAN SOFINET**

832 Bailey Woods Rd.

Dacula, Georgia. 30019.

Sofestate01@gmail.com

# CERTIFICATE OF SERVICE

I hereby certify that on January 17, 2025, a true and correct copy of the *AMENDED COMPLAINT IN RESPONSE TO DECEMBER 5TH ORDER*

was served via ABC Legal process server upon the following parties:

Registered Agent for:

- **TRUIST BANK**

    – Corporation Service Company

    **2 Sun Court, Suite 400 Peachtree Corners, GA. 30092. USA.**

Attorney(s) for:

- **AMERIS BANK**
- Amy L. Hanna Keeney
- Luke G. LaHaye

    Of

    Adams and Reese LLP.
    **3424 Peachtree Rd. NE #1600, Atlanta, GA. 30326, USA**

- **NEWREZ LLC D/BA SHELLPOINT MORTGAGE SERVICING F/K/A SPECIALIZED LOAN SERVING LLC.**
- Keith S. Anderson

    Of

    Bradley Arant Boult Cummings LLP.

    **1819 Fifth Avenue North. Birmingham, AL.**

    **35203-2119, USA**

January 17, 2025.

**Signature:** _____/s/Ioan Sofinet_____

**Name:** Ioan Sofinet

**Plaintiff**

**832 Bailey Woods Rd. Dacula, GA. 30019, USA**

**Sofestate01@gmail.com**